UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GRAPHIC COMMUNICATIONS UNION LOCAL 17-M, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Cause No. 1:18-CV-253-HAB ) |
| OUR SUNDAY VISITOR, INC., | ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on competing motions for summary judgment asking the Court to enforce divergent interpretations of an arbitration award. For the reasons set forth below, Plaintiff Graphic Communications Union Local 17-M's (the "Union") Motion for Summary Judgment (ECF No. 21) will be granted, and Defendant Our Sunday Visitor, Inc.'s ("OSV") Cross Motion for Summary Judgment (ECF No. 27) will be denied.

**FACTUAL BACKGROUND**

**A.    THE TERMINATION**

The Union and OSV have a collective bargaining agreement ("CBA") that covers OSV's production and maintenance employees at its facility in Huntington, Indiana. Paragraph 16 of the CBA establishes a grievance and arbitration procedure culminating in the "final and binding" resolution of grievances before an arbitrator selected from a panel submitted by the Federal Mediation and Conciliation Service ("FMCS").

On December 10, 2015, OSV terminated one of the Union's members, Jennifer Pohler ("Pohler"). The Union filed a grievance protesting Pohler's discharge on December 15, 2015. On January 22, 2016, the parties held a third-step grievance meeting as required by the CBA. During

that meeting, the parties agreed to reinstate Pohler on January 25, 2016, but without backpay for the period between the termination and Pohler's reinstatement date. However, OSV subsequently disclaimed the agreement, claiming that its representative at the meeting did not have authority to resolve the grievance. In response, the Union advanced the grievance to arbitration for the purposes of enforcing the parties' agreement.

**B.    THE ARBITRATION AWARD**

The parties attended an arbitration hearing before Arbitrator Robert Brookins on June 2, 2017. On September 21, 2017, Arbitrator Brookins issued his Opinion and Award which concluded that the parties had reached a binding agreement during the January 22, 2016, meeting. In relevant part, the Opinion and Award found:

> Based on the foregoing analysis and discussion in this opinion, the Undersigned holds that [OSV's representative at the third-step meeting] had at least apparent authority to (and indeed did) *adopt the Agreement* on January 22, 2016 to reinstate the Grievant without back pay. The Agreement, therefore, binds the Union and OSV. The Undersigned further holds that [OSV's representative] shall: (1) Reduce the Agreement to writing as promised and, (2) Reinstate the Grievant, forthwith, without backpay pursuant to the Agreement.

(ECF No. 28-2, p. 13) (original emphasis). As suggested by its capitalization, Agreement is a defined term in the Opinion and Award. As stated by Arbitrator Brookins:

> [OSV's representative] then agreed with the Union that mitigating circumstances did, indeed, *justify* reinstating the Grievant, albeit without backpay ("the Agreement"). Accordingly, [OSV's representative] promised to draft a letter ("the Letter") on January 22, 2016, memorializing the Agreement and to actually reinstate the Grievant on Monday, January 25, 2016.

(*Id*. at 4) (original emphasis).

The parties drew different conclusions regarding the meaning of Arbitrator Brookins' direction that Pohler be reinstated "without backpay pursuant to the Agreement." OSV believed that Arbitrator Brookins intended for Pohler to be reinstated with no backpay whatsoever. The

2

Union, on the other hand, interpreted Arbitrator Brookins' Opinion and Award to direct that Pohler be reinstated without backpay from the date of her discharge until January 25, 2016 (when she would have been reinstated pursuant to the Agreement), but with backpay from January 25, 2016, until the date of her actual reinstatement.

On September 28, 2017, the Union sent an email to Arbitrator Brookins seeking clarification on the phrase "without backpay pursuant to the Agreement." In response, Arbitrator Brookins responded:

> The core Issue before the Arbitrator was whether the Parties adopted an Agreement during their January 22 meeting. There was neither dispute nor issue about the *substance* of that alleged Agreement. When the Arbitral record referenced the Agreement's substance, it clearly and unambiguously stated, (1) reinstatement; (2) *without* backpay.
>
> A reasonable interpretation of that language is that the Grievant would not have received backpay from the *time of her separation* from the company to the *time of her reinstatement* pursuant to the Agreement. When the Parties struck this Agreeement [sic], they did not anticipate (and reasonably could not have anticipated) the denial of backpay to encompass the culmination of some future arbitral proceedings. Instead, the backpay denial in the Agreement would have ended when the Company normally and reasonably reinstated the Grievant pursuant to the Agreement.
>
> One can reasonably presume that such reinstatement would have occurred shortly after the HR Officer reduced the Agreement to writing and disseminated it. Under no circumstances did the Arbitrator intend to *extend* the backpay denial to coincide with the issuance of his opinion and award in this case. The Agreement does not contemplate such an extension. Therefore, an arbitral imposition of such an extension would be tantamount to some specie of penalty.

(ECF No. 28-5) (original emphasis).

OSV reinstated Pohler on October 9, 2017. However, OSV has refused to pay any backpay, relying on its interpretation of the Opinion and Award.

3

**LEGAL ANALYSIS**

A.   **SUMMARY JUDGMENT STANDARD**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

The fact that the parties have filed cross-motions for summary judgment does not alter the standard. When evaluating each side's motion, the court simply "construe[s] all inferences in favor of the party against whom the motion under consideration is made." *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 561–62 (7th Cir. 2002) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

**B.    INTERPRETATION OF THE OPINION AND AWARD**

Section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185, grants to federal courts jurisdiction to review arbitration awards. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957). A court's role in reviewing a labor arbitration award is "very limited." *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 567 (1960). "The courts . . . have no business weighing the merits of the grievance, considering whether there is equity in a particular claim, or determining whether there is particular language in the written instrument which will support the claim." *Id.* at 568. "As long as the arbitrator's award 'draws its essence from the [CBA],' and is not merely 'his own brand of industrial justice,' the award is legitimate." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *United Steelworkers of Am. v. Enter. Wheel and Car Corp.*, 363 U.S. 593, 597 (1960)). "Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Misco*, 484 U.S. at 38.

The parties have raised a number of legal issues in the course of their summary judgment filings, including whether OSV has waived its objections to the Opinion and Award, the application of the *functus officio* doctrine, and whether Arbitrator Brookins' email clarification violated applicable arbitration rules. The Court finds it unnecessary to address any of these

5

arguments. Instead, the Court concludes that the Opinion and Award is unambiguous on its face and supports the Union's position.

Again, the sole issue before the Court is the interpretation of the phrase "without backpay pursuant to the Agreement." Arbitrator Brookins determined that the Agreement "binds the Union and OSV." (ECF No. 28-2 at 13). The Agreement had only two parts: (1) reinstatement of Pohler on January 25, 2016; and (2) Pohler would not receive backpay from the date of her termination until her reinstatement on January 25, 2016. Arbitrator Brookins could not bind the parties to the first part; the Opinion and Award was issued some twenty-one months after the agreed reinstatement date. Thus, the only part of the Agreement that Arbitrator Brookins could enforce was the period of time where Pohler was not to receive backpay. The phrase "without backpay pursuant to the Agreement" can only mean that Pohler was not to receive backpay from the date of her termination to January 25, 2016. To find otherwise would be to ignore the overarching findings of the Opinion and Award and render the words "pursuant to the Agreement" ineffectual.

OSV's arguments do nothing to shake the Court's conclusion. Given the fact that the parties are seeking the interpretation of only six words from the Opinion and Award, it is noteworthy that OSV provides no interpretation whatsoever for four of those words. Nowhere in the more than thirty pages of briefing submitted by OSV does it provide the Court with any suggestion as to what it believes "pursuant to the Agreement" means. Rather, in reading OSV's briefs one could be forgiven for concluding that the Opinion and Order concluded with the words "without backpay," omitting "pursuant to the Agreement" altogether. *See, e.g.,* ECF No. 26 at 9 ("Nevertheless, the Arbitrator determined that Pohler's reinstatement was to be 'without backpay' and nowhere in the Award does the Arbitrator suggest that OSV issue backpay from January 25, 2016 to Pohler's

ultimate reinstatement."). OSV's silence is not evidence necessary to overcome summary judgment. The Court has little trouble concluding that the Union's interpretation is correct.

That being said, even if the Court believed that the Opinion and Award was ambiguous, its ultimate conclusion would not change. It is well-settled that the district court generally may not interpret an ambiguous arbitration award. *See Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 334 (3d Cir. 1991); *Island Creek Coal Sales Co. v. City of Gainesville*, 764 F.2d 437, 440 (6th Cir. 1985); *see also United Steelworkers of Am. v. Danly Mach. Corp.*, 852 F.2d 1024, 1027 (7th Cir. 1988). If an award is unclear, it should be sent back to the arbitrator for clarification. *Colonial Penn*, 943 F.2d at 334; *Danly*, 852 F.2d at 1027. However, remand for clarification is a disfavored procedure, *Colonial Penn*, 943 F.2d at 334; *Ethyl Corp. v. United Steelworkers*, 768 F.2d 180, 188 (7th Cir. 1985), and "[w]hen possible . . . a court should avoid remanding a decision to the arbitrator because of the interest in prompt and final arbitration." *Teamsters Local No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 278 (7th Cir. 1989); *see also Island Creek*, 764 F.2d at 441. Thus, a court is permitted to interpret and enforce an ambiguous award if the ambiguity can be resolved from the record. *See B & M Transit*, 882 F.2d at 278; *Danly*, 852 F.2d at 1027; *see also Ethyl Corp.*, 768 F.2d at 188; *Island Creek*, 764 F.2d at 440-41.

A finding of ambiguity would result in the Court taking one of two steps. If the Court rejected OSV's argument regarding the propriety of Arbitrator Brookins' email clarification, it would look to that email and conclude, on the basis of the record, that Arbitrator Brookins intended to provide for backpay from January 25, 2016, to the date of Pohler's actual reinstatement. If, on the other hand, the Court were to accept OSV's argument regarding the email, it would remand this matter to Arbitrator Brookins, who would undoubtedly clarify the Opinion and Award consistent with his email clarification. In either scenario, the Union prevails.

7

In summary, the Court concludes that there was only one way to reinstate Pohler "without backpay pursuant to the Agreement." That way, as suggested by the Union, was to reinstate Pohler without backpay only from the date of her termination to January 25, 2016, and with backpay from January 25, 2016, to the date of her reinstatement. Accordingly, the Union's Motion for Summary Judgment should be and is granted.

## CONCLUSION

For the foregoing reasons, the Union's Motion for Summary Judgment (ECF No. 21) is GRANTED. OSV's Cross Motion for Summary Judgment (ECF No. 27) is DENIED. This matter is remanded to Arbitrator Brookins for a determination of the backpay and benefits owed to Pohler.

SO ORDERED on May 16, 2019.

    s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT